**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4535

LEONARD CHRISTOPHER JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-185-BO)

Submitted: February 22, 2000

Decided: March 28, 2000

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin C. Walker, Acting Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Felice McConnell Corpen-
ing, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leonard Christopher Johnson appeals the 360-month sentence he received after he pled guilty to armed bank robbery, see 18 U.S.C.A. § 2113(d) (West Supp. 1999), 18 U.S.C. § 2 (1994) (Count One), and using or carrying a firearm during a crime of violence, see 18 U.S.C.A. § 924(c) (West Supp. 1999) (Count Two). He contends that the district court clearly erred in denying him an adjustment for acceptance of responsibility. See U.S. Sentencing Guidelines Manual § 3E1.1 (1998). We affirm.

On August 26, 1998, Leonard Johnson, James Harris, and Emmanuel Barnhardt drove from Charlotte, North Carolina, to Henderson, North Carolina, where Johnson and Harris robbed the Centura Bank while Barnhardt waited in the car. Just before the robbery, Barnhardt entered the bank and asked if it had a public restroom. Bank surveillance photographs showed him wearing a white shirt with black lettering on it. When the robbers entered a few minutes later, bank cameras recorded Johnson wearing a denim jacket and Harris wearing a beige T-shirt. All three were arrested a short time later on I-85, heading back toward Charlotte. Two loaded handguns were found in the glove compartment. A book bag containing a large amount of cash was in the trunk. Police photographs of the three men after their arrest showed that Harris and Barnhardt had switched shirts after the robbery.

Johnson and Harris entered guilty pleas. Barnhardt went to trial. Harris testified for the government that Barnhardt entered the bank at Johnson's direction to see whether security officers were present. He also testified that, after the robbery, he and Barnhardt switched shirts to change their appearance, and that the guns were placed back in the glove compartment. Johnson testified that Barnhardt was not involved in the robbery. Johnson said that he intended to drive Barnhardt to

2

New York that day for a week's visit. He said he did not tell Barnhardt that he and Harris planned to commit a robbery, that Barnhardt never saw the guns, and that it was coincidence that Barnhardt went into the bank just before the robbery. Johnson said he did not see Barnhardt enter the bank and that he would not have robbed the bank had he realized that Barnhardt had gone into it. Johnson also testified that, after the robbery, he kept his gun tucked in his waistband at his back, and that he intended to shoot Barnhardt if Barnhardt tried to get out of the car once he realized a robbery had been committed. He testified that Harris and Barnhardt did not switch shirts.

When Johnson was sentenced a short time later, the district court decided that an adjustment for acceptance of responsibility was not warranted. The court found that Johnson had consistently lied about Barnhardt's involvement and had given perjured testimony at Barnhardt's trial.

On appeal, Johnson argues that the evidence did not support the district court's finding that he testified falsely and, even assuming that he did, he nevertheless earned the adjustment by accepting responsibility for his own criminal conduct. We review the district court's determination for clear error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995).

The sentencing court may decide that a defendant has not accepted responsibility despite a guilty plea and truthful admission of his conduct if he engages in conduct inconsistent with an acceptance of responsibility. See USSG § 3E1.1, comment. (n.3). Johnson asserts that we should review de novo the district court's determination of the credibility of his testimony because it was based on the evidence, rather than on a subjective assessment of his truthfulness. He relied on United States v. Dickerson, 166 F.3d 667, 675 n.6 (4th Cir.), cert. granted in part, ___ U.S. ___, 68 U.S.L.W. 3365 (U.S. Dec. 6, 1999) (No. 99-5525). De novo review of the district court credibility determination was appropriate in Dickerson because the district court explicitly based its finding on the content of the witness' testimony rather than his demeanor. In this case, the district court did not similarly discount the effect of Johnson's demeanor. But even if we were to assume that the district court judged Johnson untruthful based

3

solely on the content of his testimony, the record discloses that the court's conclusion was supported by the evidence.

Although Johnson testified that he did not place his gun back in the glove compartment after the robbery, both guns were found there when Johnson's car was stopped by the police. Johnson testified that Barnhardt and Harris did not exchange shirts after the robbery, but the bank surveillance photos proved that they did. Johnson testified that he was taking Barnhardt to New York; however, after the robbery, he drove back toward Charlotte--in the opposite direction from New York. Notably, neither Barnhardt nor Johnson had any extra clothes or other travel items with them. Johnson's statement that he did not notice Barnhardt go into the bank and would not have robbed the bank had he noticed, strains credulity, as does his testimony that he and Harris never mentioned the planned bank robbery during the two-hour drive from Charlotte. Consequently, Johnson's challenge to the district court's conclusion that he gave perjured testimony fails.

We also must reject Johnson's argument that the only consideration for acceptance of responsibility should be his admission of his own criminal conduct. Although the district court did not enhance Johnson's sentence by making an adjustment for obstruction of justice, it found that he had given perjured testimony. Such conduct could result in an adjustment for obstruction of justice, see USSG § 3E1.1, comment. (n.4), and thus is clearly inconsistent with acceptance of responsibility. Therefore, it may be a basis for denial of the § 3E1.1 adjustment. See USSG § 3E1.1, comment. (n.3). In sum, the district court did not clearly err in refusing Johnson the acceptance of responsibility adjustment even though the judge chose not to give the obstruction of justice adjustment.

Last, Johnson argues that his is an extraordinary case in which a defendant who has obstructed justice should receive the adjustment for acceptance of responsibility, see id., because his obstructive conduct was not intended to benefit himself. However, false testimony in a co-defendant's case may amount to obstruction of justice. See United States v. Acuna, 9 F.3d 1442, 1446 (9th Cir. 1993).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED